Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
601 South Seventh Street, 2nd Floor
Las Vegas, NV 89101
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Attorneys for Third-Party Defendants
COMMONWEALTH LAND TITLE INSURANCE
COMPANY AND LAWYERS TITLE OF NEVADA, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-56, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2005-56,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER COMMUNITIES AT SOUTHERN HIGHLANDS GOLF CLUB HOMEOWNERS ASSOCIATION; KUPPERLIN LAW GROUP, LLC; FIRST 100, LLC; ALAN LAHRS AND THERESA LAHRS AS TRUSTEES OF THE LAHRS FAMILY TRUST; DOB INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS -X, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01033-JCM-GWF<br><br>***EX PARTE* MOTION OF THIRD-PARTY DEFENDANTS COMMONWEALTH LAND TITLE INSURANCE COMPANY AND LAWYERS TITLE OF NEVADA FOR AN EXTENSION OF TIME TO RESPOND TO THIRD-PARTY PLAINTIFFS ALAN AND THERESA LAHRS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(FIRST REQUEST)** |
| CHRISTOPHER COMMUNITIES AT SOUTHERN HIGHLANDS GOLF CLUB HOMEOWNERS ASSOCIATION,<br><br>Cross-Complainant,<br><br>vs.<br><br>KUPPERLIN LAW GROUP, LLC,<br><br>Cross-Defendant. | |

*EX PARTE* MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT

257107.1

1

2

3       CHRISTOPHER COMMUNITIES AT
        SOUTHERN HIGHLANDS GOLF CLUB
        HOMEOWNERS ASSOCIATION,
4
                        Cross-Complainant,
5
                vs.
6
        KUPPERLIN LAW GROUP, LLC,
7
                        Cross-Defendants.
8

9

10      KUPPERLIN LAW GROUP, LLC,

                        Counter-claimant,
11
                vs.
12
        NATALIE L. WINSLOW, an individual,
13
                        Counter-defendant.
14

15

16
        ALAN LAHRS AND THERESA LAHRS
17      AS TRUSTEES OF THE LAHRS FAMILY
        TRUST, a trust established under the laws
18      of the State of Nevada,

19                      Cross-Complainant,

20              vs.

21      CHRISTOPHER COMMUNITIES AT
        SOUTHERN HIGHLANDS GOLF CLUB
22      HOMEOWNERS ASSOCIATION, a
        homeowner's association governed by the
23      laws of the State of Nevada; KUPPERLIN
        LAW GROUP, LLC, a Nevada limited
24      liability company; FIRST 100, LLC, a
        Nevada limited liability company,
25
                        Cross-Defendants.
26

27      ALAN LAHRS AND THERESA LAHRS
        AS TRUTEES OF THE LAHRS FAMILY
28      TRUST, a trust established under the laws
        of the State of Nevada,


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

2

***EX PARTE* MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

257107.1

1                                 Third-Party Plaintiff,

2           vs.

3     JAY BLOOM, an individual, DOE
INDIVIDUALS I-X, inclusive; and ROE

4     CORPORATIONS I-X, inclusive,

5                    Third-Party Defendants.

6

7

8     ALAN LAHRS and THERESA LAHRS,
individually and as Trustees for their Family

9     Trust,

10                 Third-Party Plaintiffs,

11          vs.

12     COMMONWEALTH LAND TITLE
INSURANCE COMPANY, a Foreign

13     Corporation previously registered with the
Nevada Secretary of State's Office;

14     LAWYERS TITLE OF NEVADA, Inc., a
Nevada Domestic Corporation; DOE

15     individuals I-V; and ROE
CORPORATIONS I-V,

16           Supplemental Third-Party Defendants.

17

18

19 **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD**

20       **PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Civil Procedure 6(b)(1) and

21 Local Rules IA 6-1 and 6-2, third-party defendants Commonwealth Land Title Insurance Company

22 ("Commonwealth") and Lawyers Title of Nevada, Inc. ("Lawyers Title") (collectively

23 "Defendants"), by and through their undersigned counsel of record from Early Sullivan Wright

24 Gizer & McRae LLP, will and hereby do move the Court, on an *ex parte* basis, for an order

25 extending Defendants' time to respond to the Motion for Partial Summary Judgment ("MPSJ") filed

26 by third-party plaintiffs Alan and Theresa Lahrs' (collectively "Plaintiffs" or the "Lahrs") on

27 **February 21, 2019**. [ECF No. 127].  Defendants' Response to the MPSJ is currently due on **March**

**14, 2019**.  [ECF No. 127].

28


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

*EX PARTE* **MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY**
**JUDGMENT**

257107.1

As set forth herein, Defendants were only recently added to this litigation after the Lahrs obtained permission from the Court (in December 2018) to file a Supplemental Third-Party Complaint against Commonwealth and Lawyers Title. [ECF No. 113]. Commonwealth and Lawyers Title filed an Answer to the Lahrs' Third Party Complaint only one month ago, i.e., on **February 1, 2019**. [ECF No. 122]. The Lahrs filed their Motion for Partial Summary Judgment just 20 days later, on **February 21, 2019**. [ECF 127]. Defendants have not had, and will not have, an adequate opportunity to conduct discovery before Defendants' Response to the MPSJ must be filed on **March 14, 2019**. Defendants and the Lahrs have not held a Rule 26 meeting and have not made any initial disclosures to each other. There is no scheduling order from the Court setting any deadlines relative to the Lahrs' newly filed Third-Party Complaint. Defendants respectfully request a 75-day extension of time (i.e., to **May 28, 2019**), to file their Response to the MPSJ. This is Defendants' first request for an extension of time based upon the reasons set forth in this *ex parte* motion. This *ex parte* motion is based upon the pleadings and papers on file in this action, the following Memorandum of Points and Authorities, and the concurrently-filed declaration of Sophia S. Lau.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Bank of New York Mellon ("BONY") filed its Complaint in this matter naming the Lahrs as defendants on April 11, 2017. [ECF No. 1]. The Lahrs filed a motion to dismiss BONY's Complaint on November 22, 2017. [ECF No. 52]. The Lahrs filed an Answer to BONY's Complaint on July 16, 2018. [ECF No. 75]. Over one year after first appearing in this action, the Lahrs obtained the Court's permission to file a "Supplemental" Third-Party Complaint against Commonwealth and Lawyers Title. [ECF No. 113]. The Lahrs then filed their Third-Party Complaint against Commonwealth and Lawyers Title on December 17, 2018. [ECF No. 114]. The Lahrs' Third-Party Complaint asserts claims for declaratory relief, breach of contract and breach of the implied covenant of good faith and fair dealing (i.e., "bad faith") relating to the Lahrs' acquisition of a policy of title insurance. [ECF No. 114].

Commonwealth and Lawyers Title filed an Answer to the Lahrs' Third-Party Complaint on

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**February 1, 2019**. [ECF No. 122]. On **February 21, 2019**, just twenty days after Defendants filed their Answer, the Lahrs filed their Motion for Partial Summary Judgment ("MPSJ") against Defendants seeking a declaration that they have title insurance coverage for the matters at issue in this litigation. [ECF No. 127]. Among other things, the Lahrs' MPSJ includes declarations from Alan Lahrs and a declaration from an expert retained by the Lahrs concerning the results of a forensic examination he claims to have conducted of the Lahrs' computers. [ECF Nos. 127-129]. The Lahrs' MPSJ involves several key factual disputes concerning, among other things: the Lahrs' knowledge of a critical "Exception" to coverage in the subject title insurance policy; the Lahrs' receipt and understanding of documents that were provided to the Lahrs by Lawyers Title in connection with the issuance of the policy that identify the Exception and advise the Lahrs that it would remain in the policy; whether the Lahrs received the final and correct title insurance policy. In light of these issues, it is imperative that Defendants be given an opportunity to depose the Lahrs and conduct other relevant discovery on the issues presented in the Lahrs' MPSJ. (Declaration of Sophia Lau ("Lau Decl.") at ¶ 2.)

As of the date of the filing of this ex parte motion, the parties have not yet held a conference of counsel or conferred regarding a discovery plan and scheduling order pursuant to Federal Rule of Civil Procedure 26(f). (*Id*. at ¶ 3.) There is thus no Scheduling Order from the Court pursuant to Federal Rule of Civil Procedure 16(b) governing the Lahrs' Supplemental Third-Party Complaint.[1] Nor have Defendants or the Lahrs served their initial disclosures relative to the Lahrs' Supplemental Third-Party Complaint. (*Id.* at ¶ 4.) Defendants have not yet had an opportunity to obtain discovery from the Lahrs or notice the depositions of the Lahrs and the technology specialist (whose declaration, along with that of Alan Lahrs) was submitted in in support of the Lahrs' MPSJ. (*Id*. at ¶ 5.) Defendants are in the process of drafting their initial discovery to the Lahrs; however, given that the Lahrs would have 30 days in which to provide responses, the need to conduct follow-up discovery from the Lahrs and third parties, and to complete the appropriate depositions, there is

---

[1] The Court previously entered a Scheduling Order in this matter on July 21, 2017. [ECF No. 37] However, all of the dates and deadlines set forth in that Scheduling Order passed before Commonwealth and Lawyers title were added to this litigation.



*EX PARTE* **MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

257107.1

1   no way to conduct the required discovery and prepare and file a Response to the Lahrs' Motion for

2   Partial Summary Judgment by **March 14, 2019**.  (*Id*. at ¶ 6.)  Under the circumstances, a reasonable

3   continuance of the deadline for Defendants to file their Response is warranted and appropriate.

4       In light of the foregoing, on Monday, February 25, 2019, Defendants requested that the

5   Lahrs stipulate to continue the due date for filing Defendants' Response to the Lahrs' MPSJ for a

6   period of at least 75 days to afford Defendants an opportunity to conduct discovery and prepare a

7   meaningful Response.  (*Id*. at ¶ 7 and Ex. A thereto.)  On Tuesday, February 26, 2019, the Lahrs'

8   counsel advised that he would not grant Defendants an extension to file the Response and informed

9   Defendants they could "run to the judge as you have said you would do here."  (*Id*. at ¶ 8, Ex. A.)

10  This e-mail exchange precipitated the filing on the instant ex parte motion.

11  **II.    GOOD CAUSE EXISTS TO GRANT THIS *EX PARTE* MOTION**

12      Federal Rule of Civil Procedure 6(b)(1)(A) provides "[w]hen an act may or must be done

13  within a specified time, the court may, for good cause, extend the time…if a request is made, before

14  the original time or its extension expires."  "Good cause" is a non-rigorous standard that has been

15  construed broadly across procedural and statutory contexts.  *See Ahanchian v. Xenon Pictures, Inc*.,

16  624 F. 3d 1253, 1258-59 (9th Cir. 2010) (Fed. R. Civ. P. 6(b)(1) is to be liberally construed to

17  effectuate the general purpose of seeing that cases are tried on the merits); *see also Dayton Valley*

18  *Investors, LLC v. Union Pac. R.R. Co.,* 664 F. Supp. 3d 1174, 1179 (D. Nev. 2009) (finding good

19  cause for allowing a late filed opposition to a motion for summary judgment under Fed. R. Civ. P.

20  6(b)(1) in light of the Ninth Circuit's preference for adjudicating cases on the merits).

21  Consequently, requests for extensions of time made before the applicable deadline has passed

22  should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or

23  prejudice to the adverse party."  *California Trout v. F.E.R.C*., 572 F.3d 1003, 1027 (9th Cir. 2009)

24  (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1154 (3d

25  ed. 1998)).

26      Good cause exists to grant Defendants' requested extension of time to file a Response to the

27  Lahrs' MPSJ because Defendants only recently appeared in this case (on **February 1, 2019**) and

28  the Lahrs filed their MPSJ just twenty days later, on **February 21, 2019**.  The Lahrs appeared in

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

*EX PARTE* **MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY
JUDGMENT**
257107.1

1   this action in 2017 and have actively litigated this case over a year prior to Defendants' entry into

2   the litigation.  As evidenced by the Lahrs' MPSJ and supporting exhibits and declarations, the Lahrs

3   have had the opportunity to conduct discovery, including expert discovery, and gather evidence in

4   support of their motion.  By contrast, Defendants were in the process of reviewing the pleadings

5   filed in this action, their clients' documents, and preparing discovery to propound on the Lahrs

6   when they were served with the MPSJ.  Without the ability to conduct discovery on the Lahrs'

7   claims against Defendants and the arguments and evidence advanced in their MPSJ, including the

8   opportunity to depose the Lahrs and their expert, Defendants will not be able to meaningfully

9   oppose and respond to the Lahrs' MPSJ.  For example, Defendants will not have the ability to rebut

10  the Lahrs' primary contention in their motion that they never received the operative policy at issue

11  in their Supplemental Third-Party Complaint.  An extension of time for Defendants to respond to

12  the Lahrs' motion is therefore necessary to enable Defendants to obtain the evidence in support of

13  their defense and refute the Lahrs' claims against them.  Defendants' requested extension would

14  ensure the parties' case is tried on the merits in accordance with the general purpose of Fed. R. Civ.

15  P. 6(b)(1).  *See Program Engineering, Inc. v. Triangle Publications, Inc*., 634 F.2d 1188, 1193 (9th

16  Cir. 1980) (generally where a party has had no previous opportunity to develop evidence and the

17  evidence is crucial to material issues in the case, discovery should be allowed before the trial court

18  rules on a motion for summary judgment).

19        Further, Defendants do not seek this continuance for any improper purpose and there is no

20  prejudice that will result to the Lahrs should the Court grant the requested extension as they only

21  recently filed their Supplemental Third-Party Complaint.  Defendants reached out to the Lahrs'

22  counsel and sought a stipulation for a reasonable extension of time to file the Response promptly

23  after receiving the Lahrs' MPSJ.  (Lau Decl. at ¶¶ 7-8, Ex. A.)  In requesting the stipulation,

24  Defendants explained the reasons necessitating the extension in light of Defendants very recent

25  entry into the ongoing litigation.  (*Id*.)  However, Plaintiffs refused Defendants' request to stipulate

26  to an extension because, in Plaintiffs' view, Defendants do not need to conduct any discovery to

27  respond to Plaintiffs' motion.  (*Id*.)  As detailed above, this is not true as motions for summary

28  judgment are evidentiary in nature and the central issues at issue in the Lahrs' MPSJ involve

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

*EX PARTE* **MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY
JUDGMENT**

257107.1

1   disputed factual issues.  In addition, no prejudice will occur to the Lahrs if the Court grants the

2   Defendants' requested extension.  Defendants seek an extension that will not cause any unnecessary

3   or material delay to this litigation nor will the extension cause any party to run afoul of any deadlines

4   or scheduling orders currently set in this case.  In reality, it is Defendants who will be prejudiced

5   by having to respond to the Lahrs' motion by the present deadline without the ability to present

6   facts essential to justify its opposition.

7        The relief Defendants seek may be sought *ex parte*.  As noted above, when Defendants

8   asked the Lahrs to stipulate to an appropriate extension of its responsive deadline, they refused.

9   Even if Defendants had brought a regularly-noticed motion for an extension on February 26, 2019,

10   Plaintiffs would then have 14 days to file a response to the motion, and Defendants would have five

11   days to file a reply in support of the motion on March 18, 2019.  *See* Local Rule 7-2(b).  Therefore,

12   the motion would not be fully briefed or ruled on until after Defendants' deadline to respond to

13   Plaintiffs' MPSJ.

14        Accordingly, taking into account the foregoing, an additional 75-days (or until May 28,

15   2019) for Defendants to respond to the Lahrs MPSJ is reasonable. This extension will permit

16   Defendants to propound written discovery, receive an evaluate Plaintiffs' responses to written

17   discovery 30 days later, take depositions, receive an evaluate the transcripts of those depositions

18   and, following receipt of evidence and testimony in support of their defense position, sufficiently

19   address and rebut the multiple substantive arguments raise in Plaintiffs' dispositive motion for

20   partial summary judgment.  Defendants have not previously requested an extension of time to

21   respond to Plaintiffs' motion for partial summary judgment from the Court.  (Lau Decl. at ¶ 9.)

22   //

23   //

24   //

25   //

26   //

27   //

28   //



*EX PARTE* **MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

257107.1

## III.    CONCLUSION

Defendants respectfully request that the Court grant their *ex parte* motion and issue an order extending Defendants time to respond to Plaintiffs' motion for partial summary judgment by 75-days to May 28, 2019.

Respectfully submitted,

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

Dated:  March 1, 2019

By: */s/ Sophia S. Lau*

Sophia S. Lau, Esq.
Nevada Bar No. 12216
601 South Seventh Street, 2nd Floor
Las Vegas, Nevada 89101
Attorneys for Third Party Defendants
COMMONWEALTH LAND TITLE INSURANCE
COMPANY AND LAWYERS TITLE OF NEVADA,
INC.

### ORDER

### IT IS SO ORDERED:

Third-party defendants Commonwealth and Lawyers Title shall have until May 28, 2019 to file their Response to the motion for partial summary judgment filed by third-party plaintiffs Alan and Theresa Lahrs [ECF No. 127].

UNITED STATES DISTRICT JUDGE

DATED:  March 8, 2019.



*EX PARTE* **MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

257107.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the Electronic Service List for this Case.

| | |
|---|---|
| Daren T. Brenner, Esq.<br>Rex Garner, Esq.<br>AKERMAN, LLP<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br><br>*Attorney for Plaintiff* | James W. Pengilly, Esq.<br>Elizabeth B. Lowell, Esq.<br>Ty M. Maynarich, Esq.<br>PENGILLY LAW FIRM<br>1995 Village Center Circle, Suite 190<br>Las Vegas, Nevada 89134<br><br>*Attorneys for Christopher Communities at Southern Highland Gold Club HOA* |
| Robert E. Atkinson, Esq.<br>ATKINSON LAW ASSOCIATES, LTD.<br>8965 South Eastern Ave., Suite 260<br>Las Vegas, Nevada 89123<br><br>*Attorneys for Kupperlin Law Group, LLC* | John T. Steffen, Esq.<br>Todd W. Prall<br>HUTCHINSON & STEFFEN, PLLC<br>10080 W. Alta Drive, Suite 200<br>Las Vegas, Nevada 89145<br><br>*Attorneys for Def. Lahrs as Trustee of Lahrs Family Trust* |
| Jeffrey R. Albregts, Esq.<br>JEFFREY R. ALBREGTS, LLC<br>701 Shadow lane, Suite 150<br>Las Vegas, Nevada 89106<br><br>*Attorneys for Third Party Complainants Alan Lahrs and Theresa Lahrs as Trustees of the Lahrs Family Trust* | |

/s/ D'Metria Bolden
D'Metria Bolden
An employee of EARLY SULLIVAN
WRIGHT GIZER & McRae LLP


EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

**EX PARTE MOTION**

257107.1

1  Sophia S. Lau, Esq., Nevada Bar No. 13365
     *slau@earlysullivan.com*
2  EARLY SULLIVAN WRIGHT
     GIZER & McRAE LLP
3  601 South Seventh Street, 2nd Floor
   Las Vegas, NV 89101
4  Telephone:  (702) 331-7593
   Facsimile:  (702) 331-1652
5
6  Attorneys for Third Party Defendants
   COMMONWEALTH LAND TITLE INSURANCE
   COMPANY AND LAWYERS TITLE OF NEVADA, INC.
7

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

| | |
|---|---|
| 10  THE BANK OF NEW YORK MELLON | Case No.: 2:17-cv-01033-JCM-GWF |
| 11  FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE | |
| 12  CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST | **DECLARATION OF SOPHIA S. LAU** |
| 13  2005-56, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2005-56, | **IN SUPPORT OF THIRD-PARTY DEFENDANTS COMMONWEALTH** |
| | **LAND TITLE INSURANCE COMPANY** |
| 14              Plaintiff, | **AND LAWYERS TITLE OF NEVADA,** |
| | **INC.'S *EX PARTE* MOTION FOR AN** |
| 15              vs. | **EXTENSION OF TIME TO RESPOND** |
| | **TO THIRD-PARTY PLAINTIFFS** |
| 16  CHRISTOPHER COMMUNITIES AT | **ALAN AND THERESA LAHRS'** |
| SOUTHERN HIGHLANDS GOLF CLUB | **MOTION FOR PARTIAL SUMMARY** |
| 17  HOMEOWNERS ASSOCIATION; | **JUDGMENT** |
| KUPPERLIN LAW GROUP, LLC; FIRST | |
| 18  100, LLC; ALAN LAHRS AND | |
| THERESA LAHRS AS TRUSTEES OF | |
| 19  THE LAHRS FAMILY TRUST; DOB | |
| INDIVIDUALS I-X, inclusive; and ROE | |
| 20  CORPORATIONS -X, inclusive, | |
| 21              Defendants. | |
| 22 | |
| 23  CHRISTOPHER COMMUNITIES AT SOUTHERN HIGHLANDS GOLF CLUB | |
| HOMEOWNERS ASSOCIATION, | |
| 24 | |
| 25              Cross-Complainant, | |
| 26              vs. | |
| 27  KUPPERLIN LAW GROUP, LLC, | |
| | |
| 28              Cross-Defendant. | |

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

257108.1

                                  1
                 **DECLARATION OF SOPHIA S. LAU**

CHRISTOPHER COMMUNITIES AT
SOUTHERN HIGHLANDS GOLF CLUB
HOMEOWNERS ASSOCIATION,

                    Cross-Complainant,

       vs.

KUPPERLIN LAW GROUP, LLC,

                    Cross-Defendants.

_____

KUPPERLIN LAW GROUP, LLC,

                    Counter-claimant,

       vs.

NATALIE L. WINSLOW, an individual,

                    Counter-defendant.

_____

ALAN LAHRS AND THERESA LAHRS
AS TRUSTEES OF THE LAHRS FAMILY
TRUST, a trust established under the laws
of the State of Nevada,

                    Cross-Complainant,

       vs.

CHRISTOPHER COMMUNITIES AT
SOUTHERN HIGHLANDS GOLF CLUB
HOMEOWNERS ASSOCIATION, a
homeowner's association governed by the
laws of the State of Nevada; KUPPERLIN
LAW GROUP, LLC, a Nevada limited
liability company; FIRST 100, LLC, a
Nevada limited liability company,

                    Cross-Defendants.

_____

ALAN LAHRS AND THERESA LAHRS
AS TRUTEES OF THE LAHRS FAMILY
TRUST, a trust established under the laws
of the State of Nevada,

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

257108.1

**DECLARATION OF SOPHIA S. LAU**

1   Third-Party Plaintiff,

2   vs.

3   JAY BLOOM, an individual, DOE
    INDIVIDUALS I-X, inclusive; and ROE
4   CORPORATIONS I-X, inclusive,

5   Third-Party Defendants.

6

7   _____

8   ALAN LAHRS and THERESA LAHRS,
    individually and as Trustees for their Family
9   Trust,

10  Third-Party Plaintiffs,

11  vs.

12  COMMONWEALTH LAND TITLE
    INSURANCE COMPANY, a Foreign
13  Corporation previously registered with the
    Nevada Secretary of State's Office;
14  LAWYERS TITLE OF NEVADA, Inc., a
    Nevada Domestic Corporation; DOE
15  individuals I-V; and ROE
    CORPORATIONS I-V,

16  Supplemental Third-Party Defendants.

17

18

19

20              **DECLARATION OF SOPHIA S. LAU**

21      I, Sophia S. Lau, declare and state as follows:

22      1.    I am an attorney at law duly admitted to practice before the courts of the State of

23  Nevada and am a partner in the law firm of Early Sullivan Wright Gizer & McRae LLP, counsel for

24  third-party defendants ("Commonwealth") and Lawyers Title of Nevada, Inc. ("Lawyers Title")

25  (collectively "Defendants"), in the above-entitled action.  I make this declaration in support of the

26  concurrently-filed *ex parte* motion for an extension of time to respond to the Motion for Partial

27  Summary Judgment ("MPSJ") filed by third-party plaintiffs Alan and Theresa Lahrs' (collectively,

28

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

257108.1

3
**DECLARATION OF SOPHIA S. LAU**

1  "Plaintiffs" or the "Lahrs") on February 21, 2019.  I have personal knowledge of the matters set

2  forth below and if called as a witness could testify competently thereto.

3       2.     Defendants were only recently added as third-party defendants in this litigation by

4  way of the Supplemental Third-Party Complaint filed by the Lahrs on December 17, 2018.  [ECF

5  No. 114].  Commonwealth and Lawyers Title filed an Answer to the Lahrs' Third-Party Complaint

6  on **February 1, 2019**.  [ECF No. 122].  On **February 21, 2019**, just twenty days after Defendants

7  filed their Answer, the Lahrs filed their Motion for Partial Summary Judgment ("MPSJ") against

8  Defendants seeking a declaration that they have title insurance coverage for the matters at issue in

9  this litigation.  [ECF No. 127].  The Response to the MPSJ is currently due on **March 14, 2019**.

10  Among other things, the Lahrs' MPSJ includes declarations from Alan Lahrs and a declaration from

11  an expert retained on behalf of the Lahrs concerning the results of a forensic examination he

12  conducted of Alan Lahrs computer.  [ECF Nos. 127-129].  The Lahrs' MPSJ involves several key

13  factual disputes concerning, among other things: the Lahrs' knowledge of a critical "Exception" to

14  coverage in the subject title insurance policy; the Lahrs' receipt and understanding of documents

15  that were provided to the Lahrs by Lawyers Title in connection with the issuance of the policy that

16  identify the Exception and advise the Lahrs that it would remain in the policy; whether the Lahrs

17  received the final and correct title insurance policy.  In light of these issues, it is imperative that

18  Defendants be given an opportunity to depose the Lahrs and conduct other relevant discovery on

19  the issues presented in the Lahrs' MPSJ.

20       3.     As of the date of the filing of Defendants' *ex parte* motion, the parties have not yet

21  held a conference of counsel or conferred regarding a discovery plan and scheduling order pursuant

22  to Federal Rule of Civil Procedure 26(f).

23       4.     The parties have also not received a scheduling order from the Court pursuant to

24  Federal Rule of Civil Procedure 16(b) relative to the new pleading (the Third-Party Complaint) filed

25  by the Lahrs, nor have the Lahrs or Defendants served their initial disclosures in connection with

26  the Third-Party Complaint.

27  //

28  //

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

257108.1

4
**DECLARATION OF SOPHIA S. LAU**

5. Defendants have not yet had an opportunity to propound discovery to the Lahrs or notice the depositions of the Lahrs and the expert they rely on in support of their motion for partial summary judgment.

6. Defendants are in the process of drafting their initial discovery to the Lahrs; however, given that the Lahrs would have 30 days in which to provide responses, the need to conduct follow-up discovery from the Lahrs and third parties, and to complete the appropriate depositions, there is no way to conduct the required discovery and prepare and file a Response to the Lahrs' motion for partial summary judgment by March 14, 2019.

7. After receiving the Lahrs' motion for partial summary judgment, on February 25, 2019 our office requested that the Lahrs' counsel stipulate to continue the due date for Defendants' Response to the Lahrs MPSJ for a period of at least 75-days to afford Defendants an opportunity to conduct discovery and meaningfully prepare the Response. A true and correct copy of the email request is attached hereto as **Exhibit A**.

8. On February 26, 2019, the Lahrs' counsel responded that he would not grant Defendants the requested extension and informed Defendants they could "run to the judge as you have said you would do here." A true and correct copy of the February 26, 2019 email response from the Lahrs' counsel is included in the e-mails attached hereto as **Exhibit A**.

9. Defendants have not previously requested an extension of time to respond to Plaintiffs' motion for partial summary judgment from the Court.

I declare under penalty of perjury under the law of the United States of America and the State of Nevada that the foregoing is true and correct.

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

Dated: March 1, 2019

By: */s/ Sophia S. Lau*
Sophia S. Lau, Esq.
Nevada Bar No. 12216
601 South Seventh Street, 2nd Floor
Las Vegas, Nevada 89101
Attorneys for Third Party Defendants
COMMONWEALTH LAND TITLE INSURANCE COMPANY AND LAWYERS TITLE OF NEVADA, INC.

5
**DECLARATION OF SOPHIA S. LAU**

# Exhibit A

## Christopher I. Ritter

| | |
|---|---|
| **From:** | Jeff Albregts <jalbregts@albregtslaw.com> |
| **Sent:** | Tuesday, February 26, 2019 1:40 PM |
| **To:** | Christopher I. Ritter |
| **Cc:** | Sophia Lau |
| **Subject:** | RE: Alan Lahrs, et al. v. Commonweal Land Title Ins. Co., et al. Case No. 2:17-cv-01033-JCM-GWF |

I can't agree to as much Chris as this issue causes my clients tremendous stress, i.e., this is their home in which they reside, and Commonwealth has been dragging its feet on this issue since early 2017 when we tendered their ALTA title policy to it for defense and coverage. Indeed, we tendered on May 18, 2017, and did not receive a coverage explanation, i.e., 'reservation of rights' letter, until October 27, 2017, sans your version of the policy you claim applies here. We finally got that fabricated policy the next month by email from Emily Heidbreder, a version never received by my clients, a 'fact' we have also confirmed forensically now, too, as you know. Moreover, defense counsel didn't even enter his appearance on their behalf in this case until 1/5/18, after discovery had already expired, and then failed to even disclose these policies as required by law, meaning the rules (FRCP 26). You can only imagine what my clients think here.

Indeed, we also have asked for proof from your side showing that my clients received the policy you claim applies here, as well as to share our expert's report showing that they did not, and Commonwealth declined both of these mitigation offers. In short Commonwealth is probably in 'bad faith' here but for its continued tender of a defense on their behalf to this case. If it is not going to withdraw that defense as it has threatened to do, then we may be able to consider your request here—let me know—or you can always run to the judge as you have said you would do here.

Finally, and on that note, what discovery do you need when Commonwealth has yet to even make a prima-facie showing that the policy it asserts here was ever delivered to the Lahrs, by mail, email or otherwise? Your client is still fishing, fabricating or both here as its mistake—or that of Lawyers Title of Nevada—is readily evident from the exhibits attached to our motion, i.e., they never preserved 'Exception to Coverage' No. 48 in the ALTA Policy they delivered to my clients (that Policy containing only Nos. 1-47).

Let me know if you think we can find some middle ground here short of court intervention, but I can't agree to this 'professional courtesy' request over the objection of my client for the reasons above, notwithstanding NRPC 3.2(b), at least not at this time and under these conditions.

Thx Chris.


Jeffrey R. Albregts, Esq,
**JEFFREY R. ALBREGTS, LLC**
701 Shadow Lane, Suite 150
Las Vegas, NV  89106
Tele: (702) 483-5026  Fax: (702) 485-2343

**From:** Christopher I. Ritter <critter@earlysullivan.com>
**Sent:** Monday, February 25, 2019 4:04 PM
**To:** Jeff Albregts <jalbregts@albregtslaw.com>
**Cc:** Sophia Lau <slau@earlysullivan.com>
**Subject:** Alan Lahrs, et al. v. Commonweal Land Title Ins. Co., et al. Case No. 2:17-cv-01033-JCM-GWF

Jeffrey,

We have received the Lahrs' Motion for Partial Summary Judgment.  As you know,
Commonwealth was only recently added to this litigation and we filed an Answer to the Third
Party Complaint just a few weeks ago.  We have not yet had an opportunity to conduct
discovery.  Our Response to the Motion is presently due <u>March 14, 2019</u>.   Please let me know
if you will stipulate to continue the due date for our Response for a period of at least 75
days.  If you will not stipulate, we intend to seek appropriate relief from the Court.

Please let me know as soon as possible.

Thank you,
Chris Ritter



**CHRISTOPHER I. RITTER** | PARTNER
<u>Early Sullivan Wright Gizer & McRae LLP</u>
323.301.4660 Main
323.761.7906 Direct
323.301.4676 Fax

6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
<u>critter@earlysullivan.com</u>

This message and any attached documents may contain information from the law firm of
Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not
the intended recipient, you may not read, copy, distribute or use this information. If you have
received this transmission in error, please notify the sender immediately by reply e-mail and
then delete this message.

2